UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FOND, | No. 2:20-cv-1145 KJM AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| RALPH DIAZ, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner challenges his November 2, 2018 Rules Violation Report (RVR) at Mule Creek State Prison.  Id. at 2, 11.  Currently before the court is respondent's motion to dismiss.  ECF No. 12.

I.  Background

Petitioner was initially found guilty of conspiring to commit extortion and was assessed a loss of 120 days of custody credit.  ECF No. 1 at 12, 21.  After appealing the decision, the finding was reversed and ordered re-heard.  Id.  On re-hearing, petitioner was found guilty of "behavior that could lead to violence," but did not lose any credits as a result of the disciplinary decision. Id. at 12-13, 21.  He filed the instant federal habeas petition on June 4, 2020,[1] challenging the

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox (continued)

1

1 disciplinary decision.  Id. at 8-15.

II.     The Petition

The petition presents four grounds for relief based upon various alleged due process violations.  Id. at 10-13.  Petitioner further argues that his claims are reviewable even though he did not lose any good-time credits, because the disciplinary decision affected his confinement and suitability for parole and thereby entitles him to due process.  Id. at 13-14.  By way of relief, petitioner seeks dismissal of the guilty finding and expungement of all references to the disciplinary charge.  Id. at 15.

III.    Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it fails to state a cognizable federal habeas claim.  ECF No. 12.  Respondent contends that success on the merits would not necessarily lead to speedier release from confinement because petitioner did not lose any good-time credits for the challenged disciplinary decision, and that to the extent petitioner's claims are based on violations of state law, they are beyond the reach of federal habeas jurisdiction.  Id. at 2-3.

In his opposition, petitioner argues that his claims are cognizable in federal habeas because expungement of the disciplinary conviction would advance his release from prison.  ECF No. 20 at 2-3.  He contends that the Board of Parole Hearings relied upon the disciplinary charge he challenges when it denied him parole on January 15, 2021.  Id. at 5.  Additionally, petitioner argues that because a majority of his claims are based on violations of federal law, his claims fall within the reach of federal habeas jurisdiction.  Id. at 3.

IV.     Discussion

A.  Necessarily Speedier Release

A state prisoner may pursue habeas corpus relief under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

---

rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

2

§ 2254(a).  A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  However, if success on the merits of a petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, his claim does not fall within "the core of habeas corpus."  Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).  Unless a state prisoner's claim "lie[s] at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."  Id. at 934 (internal citations omitted).

When a prisoner is indeterminately sentenced and has not yet been found suitable for parole, success on the merits of the claim "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."  Id. at 934-35.  This is "[b]ecause the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' [therefore] the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole."  Id. at 935 (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)).

In this case, petitioner is indeterminately sentenced, has not yet been found suitable for parole, and is seeking expungement of a disciplinary charge that did not deprive him of good-time credits.[2]  ECF No. 1 at 9.  Petitioner's claims do not fall within the "core of habeas corpus," as required to invoke this court's federal habeas jurisdiction, because success on the claims would not necessarily lead to his immediate or earlier release from prison.  This would be true even if petitioner had lost good-time credits, because he is indeterminately sentenced and has not been

---

[2]  Petitioner argues that he was entitled to due process protections with regard to his disciplinary because the disciplinary resulted petitioner being sent to a segregated housing unit for ninety days and interfered with his parole, which created an "atypical and significant hardship."  ECF No. 1 at 13-14.  Even if the court assumes that the conditions created an atypical and significant hardship, it would not change the fact that there is no federal habeas jurisdiction because success on the merits would not necessarily spell speedier release.

3

found suitable for parole. Either way, the parole board could find him unsuitable for parole without regard to the disciplinary violation.

In his opposition, petitioner argues the disciplinary conviction prevents a favorable suitability finding, and therefore he would be released earlier from prison if the disciplinary is expunged. ECF No. 20 at 4-6. However, rules violations are merely one factor a parole board must consider when determining whether a prisoner is a current threat to public safety and is therefore suitable for parole. Nettles, 830 F.3d at 935. As such, rules violations are not determinative of a suitability finding, and expungement of a violation therefore cannot be said to necessarily spell earlier release from prison. Id. In other words, even if petitioner succeeded in expunging the disciplinary, the board could still deny parole on other grounds. Accordingly, although petitioner argues that he will be released from prison faster if his relief is granted, that assertion is entirely speculative and expungement of the disciplinary is not guaranteed to accelerate his eligibility for parole. Accordingly, petitioner's claims are not cognizable in habeas and should be dismissed.

## B. Violations of State Law

Insofar as petitioner's claims are based on alleged violations of the California Code of Regulations and other state law, the claims are not cognizable in federal habeas and should also be dismissed on that ground. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)).

## V. Conclusion

The petition does not state any cognizable habeas claims and respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, ECF No. 12, be GRANTED and petitioner's application for writ of habeas corpus be DISMISSED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: April 20, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE