1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PHILLIP FOND,                           No.  2:20-cv-1145 KJM AC P

12                    Petitioner,

13          v.                                ORDER

14    RALPH DIAZ,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18    corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as

19    provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On April 21, 2021, the magistrate judge filed findings and recommendations, which were

21    served on petitioner and which contained notice to petitioner that any objections to the findings

22    and recommendations were to be filed within twenty-one days.  ECF No. 21.  Petitioner has filed

23    objections to the findings and recommendations.  ECF No. 24.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

26    findings and recommendations to be supported by the record and by the proper analysis.  The

27    court writes separately here to address Mr. Fond's argument that this case is distinguishable from

28    *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2015) (en banc).  *See* Objections at 4–8.

1

In *Nettles*, the California Board of Parole Hearings had concluded the federal habeas petitioner was unsuitable for parole based in part on his history of prison discipline. *See id.* at 926–27.  He then challenged one of his rules violation reports in a federal petition for a writ of habeas corpus.  *See id.* at 927.  The district court dismissed the petition because expunging the challenged report was unlikely to lead to his earlier parole.  *See id.* at 927.  The Ninth Circuit upheld the dismissal.  *See id.* at 934–35.  The challenged rules violation report was only "one of the factors" among many the parole board could consider, so the petitioner's success in federal court "could not necessarily lead to his immediate or even earlier release." *Id.*  For that reason, the petitioner's claims were not "within 'the core of habeas corpus'" and should instead have been brought in a civil action under 42 U.S.C. § 1983.  *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

The same is true here.  Mr. Fond challenges a rules violation report after the denial of parole based in part on his history of discipline in the prison.  *See, e.g.*, Objs. at 4 & Ex. 1.  The challenged report was only one factor the Board of Parole Hearings considered.  *See id.* Ex. 1 at 3–4.  Others included his criminal and parole history at the time of his offense; his impulsiveness, poor decisions, callousness, and lack of respect for the law; his expressions of views and behaviors that demonstrated no change in his behavior; and his history of violence and discipline in prison beyond the challenged report.  *See id.*  His success in this case would not necessarily lead to an earlier release.  The Magistrate Judge concluded correctly that his petition must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed April 21, 2021, ECF No. 21, are adopted in full;

2.  Respondent's motion to dismiss, ECF No. 12, is granted and petitioner's application for writ of habeas corpus is dismissed for lack of jurisdiction;

/////

/////

/////

2

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of the Court is directed to close this case.

DATED:  September 22, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE